UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MCDANIELS, <br> Plaintiff, <br> v. <br> BENJAMEN T REYES, <br> Defendant. | Case No. 18-cv-06277-JST <br><br> **ORDER DISMISSING COMPLAINT WITH PREJUDICE** <br> Re: ECF No. 10 |

Plaintiff Gabriel McDaniels, proceeding pro se, brings a trespass claim against Benjamin T. Reyes. ECF Nos. 1, 10.

Magistrate Judge Beeler granted McDaniels's application for leave to proceed in forma pauperis, ECF No. 4, and dismissed McDaniels's original complaint with leave to amend under 28 U.S.C. 1915(e)(2)(B) based on a lack of subject-matter jurisdiction, ECF No. 5. When McDaniels failed to timely amend, the case was reassigned to this Court, which adopted Judge Beeler's report and recommendations and dismissed the complaint, granting McDaniels another opportunity to amend. ECF No. 8.

Before the Court is McDaniels' timely amended complaint. ECF No. 10. When an application to proceed in forma pauperis is granted, a court is under a continuing duty to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the amended complaint's incorporation of the text of 18 U.S.C. § 242, ECF No.

10 at 3-4, the Court construes McDaniels as alleging a claim under that statute. This does not cure the deficiencies identified in the Judge Beeler's previous order.

Section 242 establishes criminal penalties "for acting 'willfully' 'under color of any law' to 'subject' another 'to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.'" *United States v. Reese*, 2 F.3d 870, 880 (9th Cir. 1993) (quoting 18 U.S.C. § 242)). McDaniels cannot bring a claim under section 242 because it does not confer a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Even were the Court to construe McDaniels' claim as one under 42 U.S.C. § 1983, McDaniels still fails to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). McDaniels refers to a trespass having been committed against him by an unidentified "wrongdoer" (who is presumably Reyes) but provides no other facts. Because McDaniels has not stated any facts regarding Reyes or the nature of the alleged trespass, the Court cannot assess whether Reyes's purported conduct plausibly rises to the level of a federal statutory or constitutional violation or whether Reyes is a state actor.

Accordingly, the Court will again dismiss the complaint. Having reviewed the amended complaint, the Court concludes that amendment would be futile. Dismissal is therefore with prejudice.

The Clerk is directed to enter a judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: February 14, 2019

_____
JON S. TIGAR
United States District Judge